# In the United States Court of Federal Claims

No. 19-907C
Filed Under Seal: July 13, 2020
Reissued: July 21, 2020[1]

| | |
|---|---|
| **THE GREEN TECHNOLOGY GROUP, LLC,** *Plaintiff,* v. **UNITED STATES,** *Defendant,* and **LINTECH GLOBAL, INC.,** *Defendant-Intervenor.* | Keywords: EAJA Fees; Substantial Justification; Prevailing Party |

*Todd R. Overman*, Bass, Berry & Sims PLC, Washington, D.C., for the plaintiff, with whom were *Richard W. Arnholt* and *Sylvia Yi*, Bass, Berry & Sims PLC, Washington, D.C., of counsel.

*Robert R. Kiepura*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C. for the defendant, with whom was *Kevin E. Bolin*, Defense Health Agency, Department of Defense, San Antonio, Texas, of counsel.

## MEMORANDUM OPINION AND ORDER

**HERTLING**, Judge

      The Court awarded judgment for the plaintiff, The Green Technology Group, LLC ("TGTG"), on its post-award bid protest. The Court found that the defendant, the United States, acting through the Department of Defense, Defense Health Agency (the "Agency") had awarded a fixed-price contract in a manner contrary to law. Specifically, the Court found that the Agency had failed to adhere to the requirements of the Federal Acquisition Regulation ("FAR") governing unbalanced pricing. The Court rejected, however, TGTG's protest grounds related to the Agency's technical and past-performance evaluations.

---

[1] Pursuant to the protective order issued in this case, this opinion was initially filed under seal. No redactions were proposed. The opinion is reissued for publication without redactions.

TGTG now seeks costs and attorneys' fees, as authorized by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Because the Agency's position on the protest issues was "substantially justified," the Court finds that an award to TGTG of its costs and attorneys' fees is not warranted. TGTG's Motion for Attorneys' Fees and Related Expenses (ECF 58) is denied.

## I.     BACKGROUND

The Court's decision on the merits, *Green Tech. Grp., LLC v. United States*, 147 Fed. Cl. 231 (2020), sets forth the facts of this case. The Court briefly sets out the relevant facts here.

This post-award bid protest concerned Request for Quotation No. HT0015-19-R-0004 (the "Solicitation"), which the Agency issued to small business General Services Administration Schedule 70 Federal Supply Schedule contract-holders for a fixed-price contract. The Solicitation sought information-technology services to perform Code Maintenance and Data Processing Operations Support for a nine-month base period and possible one-year option period and six-month extension.

TGTG first brought its protest to the Government Accountability Office ("GAO"). The GAO denied the protest in full, on the grounds that TGTG's technical and past-performance arguments were merely disagreements with the Agency's judgments, and, because the Solicitation did not contain a price realism provision, "the agency's alleged failure to consider, as part of its price reasonableness analysis, the disparity between [the awardee's] low prices and the [Independent Government Cost Estimate] fails to state a valid basis of protest."

TGTG then protested to this Court. The Court found that the Agency had reasonably evaluated the offerors' past performance. The Court also found that the Agency had reasonably assigned adjectival ratings, strengths, and weaknesses to the offerors' proposals, and that, if the Agency had treated offerors disparately in the technical evaluation, TGTG had failed to demonstrate prejudice. As to the price evaluation, however, the Court sided with TGTG in finding that the Agency's unbalanced pricing evaluation was unreasonable because the Agency failed to consider "the risks to the Government associated with the unbalanced pricing . . . in making the source selection decision[,]" as required by FAR 15.404-1(g)(2)(i). Specifically, the Court found that "[t]here is no indication in the record that the Agency considered whether [the awardee's] over- or understated [Contract Line Items] corresponded with over- or understated labor hours or a different labor mix." *Green Tech.*, 147 Fed. Cl. at 242. The Court thus enjoined the procurement on that limited ground.

After the deadline for an appeal had expired, TGTG filed this motion under EAJA.

## II.     DISCUSSION

EAJA authorizes this Court to award attorneys' fees and costs incurred by "private parties who prevail in litigation against the United States" if specific conditions are met. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990).

"[E]ligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B),

that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Id.* at 158.  The government bears the burden to demonstrate that its legal position was "substantially justified." *See Cmty. Heating & Plumbing Co. v. Garrett*, 2 F.3d 1143, 1145 (Fed. Cir. 1993) (citing *Pierce v. Underwood*, 487 U.S. 552, 575-76 (1988)).

TGTG has shown that it was a prevailing party with regards to the issue of unbalanced pricing and met the size, timeliness and documentation requirements under 28 U.S.C. § 2412(d)(2)(B).  While an award of costs and fees related to TGTG's winning protest ground would not be unjust due to special circumstances, the Court finds that the Agency has satisfied its burden of showing that its position in the litigation was substantially justified.

### A.     Prevailing Party

Despite the Agency's argument to the contrary, TGTG is the prevailing party because it succeeded on the unbalanced pricing argument in its protest, which was a "'significant issue in litigation" on which "it achieve[d] some of the benefit the part[y] sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978)).  The Court enjoined performance under the contract at issue in TGTG's protest; therefore, TGTG prevailed on at least one issue because it "receive[d] 'at least some relief on the merits of [its] claim.'" *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001)); *see also Former Employees of Motorola Ceramics Prods. v. United States,* 336 F.3d 1360, 1366 (Fed. Cir. 2003).  The Court enjoined the Agency's award to the initial awardee of the contract, defendant-intervenor LinTech, and thereby "material[ly] alter[ed] . . . the legal relationship of the parties." *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792-93 (1989).

### B.     Documentation

TGTG also complied with EAJA's size, timeliness and documentation standards.  TGTG filed its motion within the deadline and submitted exhibits (ECF 58-2, 58-3, 58-4) providing adequate support and justification for its costs and fees, as adjusted for the Washington, D.C., metro area cost-of-living.  TGTG also provided affidavits from an officer to demonstrate that it meets EAJA's size requirement (ECF 58-1) and from its lead attorney to validate the accuracy of the charges invoiced to TGTG (ECF 58-2).

### C.     Special Circumstances

No special circumstances exist that would make an award of costs and attorneys' fees unjust because TGTG's dispute is a matter of public policy—the way procuring agencies apply FAR 15.404-1(g) to determine unbalanced pricing.  TGTG challenged the Agency's incorrect application of the FAR, which is exactly the type of action for which EAJA contemplates awarding a successful plaintiff its fees. *See The Meyer Grp., Ltd. v. United States*, 129 Fed. Cl. 579, 588 (2016) (declining to award fees when "[t]he Government was not violating a statute or acting arbitrarily in a way that adversely impacted public policy or contravened a public purpose.").

Were the Court to award TGTG its fees under EAJA, however, it would be constrained to find that awarding the plaintiff all its requested fees would be unjust. Because the plaintiff prevailed only on one of its four claims, the Court would not provide recovery for TGTG's failed effort to supplement the administrative record, or its three protest grounds related to the Agency's technical and past-performance evaluation. This partial award would be appropriate because the Court's injunctive relief reflected only a partial victory for TGTG—the injunctive relief was for an express purpose, which would not have permitted the Agency to reevaluate offerors' technical and past-performance proposals. (*See* ECF 54 (any reevaluation "shall be performed in accordance with the provisions of 48 C.F.R. § 15.404-1(g)(2) and consistent with the concurrently-issued memorandum opinion").) TGTG was only successful on one of its four protest grounds, so it is only entitled to recover one-quarter of its requested amount. *See Hensley*, 461 U.S. at 440 ("[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee").

TGTG argues that *Hensley* supports an award for the full amount of the fees it seeks, because the Supreme Court specifically noted that "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* at 435. TGTG points out that the opinion in *Hensley* distinguished between cases composed of "distinctly different claims for relief that are based on different facts and legal theories," *id.* at 434, and those involving claims based on a "common core of facts or . . . on related legal theories." *Id*. at 435. In the former type of case, a fee award must be reduced to reflect only the claim on which a plaintiff prevailed, but in the latter the plaintiff may recover the full amount of its fees, even if it has not prevailed on some of its arguments.

The problem with the plaintiff's argument is that the claim on which it prevailed was distinctly different from the claims on which it failed. All claims arose from the same procurement, of course, but TGTG prevailed on a claim arising from the failure of the Agency to analyze LinTech's proposal in accordance with the FAR. That claim was not based on a common core of facts or on common legal theories with its losing claims, which were based on the Agency's allegedly defective analysis of its own proposal. The winning claim did not depend in any way on the losing claims and did not arise from the same common core of facts. As a result, TGTG's reliance on the distinction drawn in *Hensley* to support an award of its entire fee-request is inapt.

For the foregoing reasons, were the Court to find that fees were appropriate, the plaintiff would recover only one-fourth of its requested fees, after the Court struck the hours spent on its motion to supplement the administrative record.

### D.   Justification of the Agency's Position

TGTG has shown that it is the prevailing party and complied with the size, timeliness, and documentation requirements. Its last hurdle is the question of whether the Agency's position was substantially justified. The Court finds that the Agency has met its burden to show that its position was substantially justified.

EAJA requires that the federal government only defend claims for which its "position was 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Norris v. S.E.C.*, 695 F.3d 1261, 1265 (Fed. Cir. 2012) (quoting *Pierce*, 487 U.S. at 555).  To determine whether a position is substantially justified, courts must "look at the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact[.]" *Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991).  As part of that judgment call, courts must "consider the clarity of the governing law, that is, whether 'judicial decisions on the issue left the status of the law unsettled,' and whether the legal issue was novel or difficult." *Norris*, 695 F.3d at 1265 (citations omitted) (quoting *Nalle v. Comm'r*, 55 F.3d 189, 192 (5th Cir.1995)); *see also Schock v. United States*, 254 F.3d 1, 6 (1st Cir. 2001) ("When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified.").  "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005) (quoting *League of Women Voters of Cal. v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986)).

Neither the success of the government's argument in a prior proceeding, such as the GAO protest that preceded this case, nor the fact that the government lost in the proceeding at issue creates any presumption about whether the government's position was substantially justified. *See Broad Ave. Laundry & Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed. Cir. 1982) (quoting S. Rep. No. 96–253, at 7 (1980)), *superseded by statute on other grounds as recognized by Chiu*, 948 F.2d at 714-15; *see also Norris*, 695 F.3d at 1265; *Cmty. Heating & Plumbing Co.*, 2 F.3d at 1145-46.

The legal issue on which the plaintiff prevailed on the merits was "novel or difficult," with little precedent. *See Norris*, 695 F.3d at 1265.  The Court finds that the novelty of the issue on which TGTG prevailed and the uncertain state of the law based on conflicting precedents are sufficient bases on which to find that in this case the Agency's position on the only claim on which TGTG prevailed was reasonable and substantially justified.

This case presented the issue of whether the Agency had sufficiently analyzed the unbalanced pricing of an awardee's proposal when the Agency's evaluation did not consider the non-price risks posed by the unbalanced prices.  The Court of Federal Claims, the Federal Circuit, and the GAO had not previously examined that issue in the same factual posture as presented by TGTG. [2]

For example, in *Harmonia Holdings Grp., LLC v. United States*, Judge Lettow had analyzed the reasonableness of an agency's determination that the protester's prices were unbalanced due to a "high variance" in labor hours for several contract line items ("CLINs"). 136 Fed. Cl. 298, 308-10 (2018).  That case presented a different factual scenario than did this

---

[2] The GAO's decisions may be cited as persuasive authority but are not precedential or binding on this Court. *See Centerra Grp., LLC v. United States*, 138 Fed. Cl. 407, 414 (2018).

5

one but reached the same result: that agencies must consider "expertise and apparent understanding of the contract"—what this Court termed "performance risk"—in determining unbalanced prices.[3] *Id.* at 309. The agency in *Harmonia Holdings*, unlike the Agency here, had a documented CLIN-by-CLIN labor-hours-and-price analysis that supported its conclusion. *Id.* at 308-10.

A majority of the GAO's decisions considering the issue have reached an opposite conclusion from that of *Harmonia Holdings* or *Green Tech*. The GAO has not addressed both prongs of the FAR 15.404-1(g)(2) test. Instead, the GAO's decisions tend to render FAR 15.404-1(g)(2)(i) surplusage by addressing only the risk of paying unreasonably high prices. *See, e.g.*, *Mancon, LLC*, B-417571.5, B-417571.6, May 12, 2020, 2020 CPD ¶ 169 ("if there is an unbalanced offer, the agency is required to consider the risks to the government that the unbalancing will result in unreasonably high prices during contract performance . . . Low prices are not *per se* improper and do not, by themselves, establish (or create the risk inherent in) unbalanced pricing."); *Arrowpoint Corp.*, B-417375.2, B-417375.3, Oct. 25, 2019, 2019 CPD ¶ 367 ("to prevail on an allegation of unbalanced pricing, a protester must first show that one or more prices are significantly overstated since the risk in a price being overstated is that the government will not receive the benefit of its bargain and will unjustly enrich the contractor").

The GAO's consistent reading of FAR 15.404-1(g)(2), while incorrect in the Court's view, could reasonably lead an agency to believe that it would not need to document in the administrative record the agency's analysis in order to satisfy both prongs of the FAR provision's requirements. Indeed, a leading academic commentator in the field has specifically noted the divergent positions between this Court's decision in this case and the GAO's position and the resulting lack of clarity concerning that issue. *See* Ralph C. Nash, *Unbalanced Prices: What Must Be Analyzed*, 34 Nash & Cibinic Rep. NL ¶ 30 (Jul. 2020). Against this background, the only legal issue on which TGTG succeeded had not been settled conclusively and thus was open to dispute over which reasonable minds could differ.

---

[3] Judge Lettow in *Harmonia Holdings* noted:

> "unreasonably high prices for contract performance" are not the only way in which unbalanced prices may create unacceptable risks for the government. [*J & D Maint. & Servs. v. United States*, 45 Fed. Cl. 532, 537 (1999).] As is especially apparent in the context of FAR Subpart 8.4 and a best-value tradeoff, price is not the government's only concern. Of equal importance to the Agency's risk assessment is Harmonia's expertise and apparent understanding of the contract, both of which are undermined by unbalanced prices. Additionally, even if the bid were not materially unbalanced, the imbalance was not the sole cause of the bid being rejected, but one of many factors considered in the best-value tradeoff.

*Harmonia Holdings Grp., LLC v. United States*, 136 Fed. Cl. 298, 308-09 (2018).

The Court finds the Agency's litigation and pre-litigation position to have been reasonable and substantially justified given the unsettled nature of the applicable law attributable to the differing previous interpretations of FAR 15.404-1(g)(2).  The Agency has met its burden to show that its position was substantially justified because it prevailed on the majority of TGTG's claims, and, with respect to the one claim on which it did not prevail, a reasonable person would have been justified in taking the Agency's position both prior to and during this litigation.

## III.   CONCLUSION

Because the Agency's pre-litigation and litigation position was substantially justified, the Court **DENIES** TGTG's motion for attorneys' fees and costs.[4]

It is so **ORDERED**.

s/ Richard A. Hertling<br>
**Richard A. Hertling**<br>
**Judge**

---

[4] The Court notes that at the time it rendered judgment and enjoined the award of the contract, it denied costs to any party.  The Court determined at that time, in the absence of briefing on the issue, that no party had prevailed in a manner that made an award of costs appropriate.  This decision on the plaintiff's EAJA motion ratifies the Court's prior determination.